IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**DANIEL SOTO, VICTOR LUJAN, MARIO**            **PLAINTIFFS**
**SANCHEZ and RICARDO SANCHEZ**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                    No. 7:20-cv-101

**MARQUEZ CONSTRUCTION & MAINTENANCE, LLC,**     **DEFENDANTS**
**TALIS INDUSTRIES, LLC, and JOSE MARQUEZ**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COME NOW Plaintiffs Daniel Soto, Victor Lujan, Mario Sanchez and Ricardo Sanchez (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Marquez Construction & Maintenance, LLC, Talis Industries, LLC, and Jose Marquez (collectively "Defendants"), they do state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a

result of Defendants' failure to pay Plaintiffs and all other similarly situated employees lawful overtime compensation for hours worked in excess of forty (40) per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Texas has personal jurisdiction over Defendant, and Defendants therefore "reside" in Texas.

6.      Plaintiffs were employed by Defendants at Defendants' construction business located in Ector County. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiffs within the Midland-Odessa Division of the Western District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      <u>THE PARTIES</u>

7.      Plaintiff Daniel Soto ("Soto") is a resident and citizen of Ector County.

8.      Plaintiff Victor Lujan ("Lujan") is a resident and citizen of Ector County.

9.      Plaintiff Mario Sanchez ("M. Sanchez") is a resident and citizen of Ector County.

10.      Plaintiff Ricardo Sanchez ("R. Sanchez") is a resident and citizen of Ector

County.

11.     Separate Defendant Marquez Construction and Maintenance, LLC ("MCM"), is a domestic limited liability company.

12.     MCM's registered agent for service is Jose A. Marquez at 309 Harrisburg, Odessa, Texas 79766.

13.     Separate Defendant Talis Industries, LLC ("Talis"), is a domestic limited liability company.

14.     Talis's registered agent for service is Maribel Marquez at 309 Harrisburg, Odessa, Texas 79766.

15.     Separate Defendant Jose Marquez ("Jose Marquez") is an individual and resident of Texas.

## IV.    <u>FACTUAL ALLEGATIONS</u>

16.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17.     Jose Marquez is an owner, principal, officer and/or director of MCM and Talis.

18.     Jose Marquez manages and controls the day-to-day operations of MCM and Talis, including but not limited to the decision to not pay Plaintiffs a sufficient overtime premium for hours worked in excess of forty (40) per week

19.     At all times relevant hereto, Jose Marquez had the power to hire and fire employees of MCM and Talis, supervised and set wages and wage policies for MCM's and Talis's employees.

20.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

21.     Upon information and belief, the revenue generated from MCM and Talis is merged and managed in a unified manner.

22.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise

23.     Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiffs.

24.     MCM and Talis exercised unified operational control and management, as well as control over Plaintiffs and other employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees.

25.     MCM and Talis operate a principal office at 309 Harrisburg, Odessa, Texas 79766.

26.     Defendants operate a construction and maintenance business in Ector County.

27.     Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as construction materials and tools.

28.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

29.     Defendants were Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), at all times relevant to this lawsuit.

30.     Soto was first employed by Defendants as a Rig Welder from approximately January of 2019 to May of 2019 and for a second tenure from approximately August of 2019 to September of 2019.

31.     Lujan was employed by Defendants as a Rig Welder from approximately January of 2019 to February of 2019.

32.     M. Sanchez was employed by Defendants as a Rig Welder from approximately January of 2019 to May of 2019.

33.     R. Sanchez was employed by Defendants as a Rig Welder from approximately February of 2019 to May of 2019.

34.     At all relevant times, Defendants directly hired Rig Welders; paid them wages; controlled their work schedules, duties, protocols, applications, assignments and employment conditions; and kept at least some records regarding their employment.

35.     As Rig Welders, Plaintiffs were assigned to construction sites and their primary duties involved welding pipes.

36.     During the relevant time period, Defendants classified Plaintiffs and other Rig Welders as nonexempt from the overtime requirements of the FLSA and paid them

an hourly wage.

37.     Plaintiffs and other Rig Welders regularly worked over forty hours per week.

38.     Defendants paid Plaintiffs and other Rig Welders a regular rate of fifty-five dollars ($55.00) per hour.

39.     Defendants considered thirty-five dollars ($35.00) of the hourly rate to be "welder pay" and the other twenty dollars ($20.00) to be "rig pay."

40.     Defendants only included Plaintiffs' welder pay in their regular rate of pay when calculating their overtime premiums and paid Plaintiffs a rate of fifty-two dollars and fifty cents ($52.50) per hour for hours worked in excess of forty (40) per week.

41.     Defendants failed to pay Plaintiffs and other similarly situated employees an overtime premium of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) per week.

42.     At all times relevant hereto, Defendants were aware of the overtime requirements of the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

43.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

44.     At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

45.     Plaintiffs bring their claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated

employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    An overtime premium for all hours worked in excess of forty (40) per week;

B.    Liquidated damages; and

C.    Costs of this action, including attorney's fees.

46.    The proposed class of opt-in plaintiffs in this case is preliminarily defined as follows:

**All Rig Welders within the past three years.**

47.    The proposed FLSA collective members are similarly situated in that they share these traits:

A.    They performed the same or similar job duties;

B.    They were classified by Defendants as nonexempt from the overtime requirements of the FLSA and paid hourly rates; and

C.    They were subject to Defendants' common policy of not paying a proper overtime premium for all hours worked over forty (40) per week.

48.    At all relevant times, each member of the putative class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

49.    Plaintiffs are unable to state the exact number of the class but believe the number to be more than ten (10) individuals. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

50.    Each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

52.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

53.    Defendants' actions in denying overtime wages to Plaintiffs and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI.    FIRST CLAIM FOR RELIEF
### (Collective Action Claims for Violation of the FLSA)

54.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

55.    Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.    At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

57.    At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

58.    At all relevant times, Defendants were "employers" of Plaintiffs and all similarly situated employees, as defined by 29 U.S.C. § 203(d).

59.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60.    At all relevant times, Defendants willfully failed and refused to pay a proper overtime premium to Plaintiffs and other similarly situated employees for all hours worked over forty (40) per week.

61.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all other similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.    SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

62.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

63.    At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

64.    At all relevant times, Plaintiffs have been "employees" of Defendants as defined by 29 U.S.C. § 203(e).

65.    At all relevant times, Defendants were "employers" of Plaintiffs as defined by 29 U.S.C. § 203(d).

66.      29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67.      Defendants willfully failed and refused to pay Plaintiffs a proper overtime premium for all hours worked over forty (40) per week.

68.      By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Victor Lujan, Mario Sanchez, Ricardo Sanchez and Daniel Soto, each individually and on behalf of all others similarly situated, respectfully request this Court to grant the following relief:

A.      Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid compensation under the FLSA and its related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E.      An order directing Defendants to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DANIEL SOTO, VICTOR LUJAN, MARIO SANCHEZ and RICARDO SANCHEZ, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com