IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **DANIEL SOTO, VICTOR LUJAN, MARIO SANCHEZ, and RICARDO SANCHEZ** **Each Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFFS** |
| vs.    No. 7:20-cv-101-DC-RCG | |
| **MARQUEZ CONSTRUCTION & MAINTENANCE, LLC, TALIS INDUSTRIES, LLC, and JOSE MARQUEZ** | **DEFENDANTS** |

### JOINT MOTION TO APPROVE SETTLEMENT

Plaintiffs Daniel Soto, Victor Lujan, Mario Sanchez, and Ricardo Sanchez ("Plaintiffs") and Defendants Marquez Construction & Maintenance, LLC, Talis Industries, LLC, and Jose Marquez ("Defendants") hereby file this Joint Motion to Approve Settlement. Plaintiffs and Defendants (collectively "the Parties") seek approval of their Settlement Agreement and Release of Claims attached hereto as Exhibit 1 ("Agreement") under Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

### I.    BACKGROUND

Plaintiffs filed this lawsuit against Defendants seeking to recover monetary damages, liquidated damages, prejudgment interest, and costs, and reasonable attorneys' fees pursuant to the Fair Labor Standards Act (the "FLSA"). *See* ECF No. 1. Plaintiffs specifically alleged that Defendants failed to pay Plaintiffs and other similarly situated employees an overtime premium of one and one-half (1.5) times their regular

rate of pay for all hours worked over forty (40) per week, resulting in overtime violations. Defendants filed an Answer and, later, an Amended Answer denying Plaintiffs' allegations and maintaining that Plaintiffs were adequately compensated for all hours worked. *See* ECF Nos. 8 & 20.

On October 5, 2020, Plaintiffs filed a Motion for Approval and Distribution of Notice, seeking to distribute Notice of the lawsuit to alleged similarly situated individuals to facilitate their joining in suit. *See* ECF No. 13. On April 9, 2021, this Court granted Plaintiffs' Motion and authorized Notice and Consent to Join forms to be distributed to the proposed collective. *See* ECF No. 21. Following distribution of these forms, no individuals opted into the case. Accordingly, Plaintiffs consist only of the 4 Named Plaintiffs.

Following extensive discovery including the disclosure of Plaintiffs' time and pay records, counsel for the Parties entered into arms-length settlement discussions. Through these negotiation efforts, the Parties have arrived at the key terms of their settlement and have since memorialized their complete agreement in the fully executed Settlement Agreement, a copy of which is attached as Exhibit 1 to this Motion (the "Agreement"). Two appendices to the Agreement, a Settlement Allocation and Payment Plan, are attached to the Agreement.

## II.   THE NEED FOR COURT APPROVAL

While Court approval of a bona-fide dispute under the FLSA is not always required in the Fifth Circuit, the parties are nonetheless seeking court approval of the settlement in order to ensure the effectiveness of their settlement. *See* 29 U.S.C. § 216; *Martin v. Spring Break '83 Productions,* 688 F.3d 247 (5th Cir. 2012)*; Martinez v. Bohls Bearing*

*Equip. Co.,* 361 F.Supp.2d 608 (W.D.Tex. 2005); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp., 163* F.2d 960, 961 (5th Cir. 1947).

### III.   THE SETTLEMENT IS FAIR AND REASONABLE

The Parties' settlement is fair and reasonable because it resolves bona fide disputes. Plaintiffs all claim that, during their employment with Defendants, Plaintiffs were not compensated at one and one-half (1.5) times their regular hourly rate for all hours worked above forty (40) each week. Plaintiffs claim that their overtime rate did not take into account the full regular rate of pay given by Defendants. Defendants deny Plaintiffs' allegations and maintain that Plaintiffs were fully and adequately compensated for all hours of work they performed.

Under the terms of the settlement, Plaintiffs are each receiving approximately 90% of their maximum calculated lost wages. Plaintiffs determined their estimated damages by multiplying what they believed to be the correct regular rate by the documented overtime hours each Plaintiff worked. The damages the Plaintiffs receive in this settlement are especially reasonable due to Defendants' position that the correct regular rate of pay was used for purposes of calculating overtime. This defense, if successful, would have negated Plaintiffs' entitlement to damages.

Given the above bona-fide disputes surrounding liability and damages, the Parties believe the instant settlement is fair and reasonable under the facts and circumstances of this particular case. In further support of the motion, the Parties note that counsel for

Plaintiffs and counsel for Defendants have substantial experience in litigating employment law matters and have advised their clients on the terms of the proposed settlement.

Consistent with their representation agreement with Plaintiffs, Plaintiffs' counsel is receiving 40% of the settlement amount as well as incurred costs. Plaintiffs' counsel has incurred more than $25,000.00 in attorneys' fees and costs on this matter. However, Plaintiffs' counsel agreed to take a significant reduction in fees in order to bring this case to a suitable resolution for Plaintiffs. At just 48% of their billed fees, the fee amount is reasonable. Accordingly, this resolution sufficiently resolves all matters before the Court.

Under the terms of the Agreement, Defendants are to pay the settlement amount pursuant to a payment plan. Accordingly, following the Court's approval of the Agreement, the Parties request that the Court retain jurisdiction over the matter for the purpose of enforcing the terms of settlement, if needed.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court approve their settlement, dismiss all claims in this case with prejudice, and retain jurisdiction over the matter to enforce the terms of settlement.

Respectfully submitted,

**DANIEL SOTO, VICTOR LUJAN, MARIO SANCHEZ, and RICARDO SANCHEZ, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**and**   **MARQUEZ CONSTRUCTION & MAINTENANCE, LLC, TALIS INDUSTRIES, LLC, and JOSE MARQUEZ, DEFENDANTS**

TODD, BARRON, THOMASON, HUDMAN & BEBOUT, P.C.
3800 East 42nd Street, Suite 409
Odessa, Texas 79762
Telephone: (432) 363-2103
Facsimile: (432) 363-2153

*/s/ Jeffrey F. Thomason*
Jeffrey F. Thomason
Tex. Bar No. 19890200
thomason@toddlawfirm.com

## **CERTIFICATE OF SERVICE**

      I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide notice to the attorneys named below:

Jeffrey F. Thomason, Esq.
TODD, BARRON, THOMASON,
HUDMAN & BEBOUT, P.C.
3800 East 42nd Street, Suite 409
Odessa, Texas 79762
Telephone: (432) 363-2103
Facsimile: (432) 363-2153
thomason@toddlawfirm.com

                                              */s/ Josh Sanford*
                                              **Josh Sanford**